IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DEREK GORE                                                                                                    PLAINTIFF

v.                                    Civil No. 4:17-cv-04044

CHARLES A. YEARGAN
TOM COOPER                                                                                              DEFENDANTS

**REPORT AND RECOMMENDATION
OF A UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff's Motion for Service. ECF No. 1. The Court previously granted Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*. ECF No. 5. The Court now recommends Plaintiff's Motion for Service be **DENIED**, and Plaintiff's case be dismissed.

Pursuant to 28 U.S.C. § 1915(e)(2) (1996), a federal court may dismiss an *in forma pauperis* action "at any time if the court determines that . . . the action . . . is frivolous or malicious . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."

In the present action, Plaintiff seeks "injunctive relief commanding the defendants to issue monetary losses and to change the process in which persons are ordered out of their homes on false allegations." ECF No. 1 at 3. Plaintiff's claims apparently arise out of a domestic dispute wherein Defendants issued a protective order against Plaintiff and in favor of Plaintiff's wife. *Id.*

For two reasons, this case should be dismissed. First, both Defendants are state circuit judges in Arkansas. Specifically, Defendant Yeargan is located in Murfreesboro, Arkansas and Defendant Cooper is located in Ashdown, Arkansas. Plaintiff is complaining about their actions solely in their official capacities. As such, these two judges are entitled to judicial immunity. *See Robinson v. Freeze,* 15 F.3d 107, 108 (8th Cir. 1994) (recognizing "[j]udges performing judicial functions enjoy

absolute immunity from § 1983 liability").

Second, such a case falls under the "domestic relations exception" of federal court jurisdiction. *See Kahn v. Kahn,* 21 F.3d 859, 861 (8th Cir. 1994). This exception "divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody." *Id.* Furthermore, "when a cause of action closely relates to but does not precisely fit into the contours of an action for divorce, alimony or child custody, federal courts generally will abstain from exercising jurisdiction." *Id.*

Accordingly, for these two reasons, the Court recommends Plaintiff's case be **DISMISSED.**[1]

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.** *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**ENTERED** this **7th day of July 2017.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[1] As a final point, this case is likely also barred by the statute of limitations. Based upon the Complaint, the facts which allegedly gave rise to a cause of action against Defendants are from 2009 and 2010. The statute of limitations for this action is three years. *See* A.C.A. § 16-56-105 (2017). *See Wilson v. Garcia,* 471 U.S. 261 (1985). Plaintiff filed this suit in 2017. Thus, this case was filed at least four years outside the limitations period.