IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DEREK GORE                                                                                          PLAINTIFF

V.                                              CASE NO. 4:17-CV-04044

CHARLES A. YEARGAN, Circuit
Judge; and TOM COOPER, Circuit Judge                                          DEFENDANTS

# ORDER

Before the Court is the Report and Recommendation filed July 7, 2017, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 6. Plaintiff has filed timely objections. ECF No. 7.

In the present action, Plaintiff states that he "brings this suit pursuant to Title 42 U.S. Code § 1983 for violations of certain protections guaranteed to him by the First, Fifth, Eighth, Ninth and Fourteenth Amendments of the federal Constitution, by the defendants under color of law in their capacity as judges in the Circuit Court of Little River County, Arkansas." ECF No. 1, p. 1. Plaintiff seeks "injunctive relief commanding the defendants to issue monetary losses and to change the process in which persons are ordered out of their homes on false allegations"; declaratory relief; and "costs of litigations." ECF No. 1, p. 3. Plaintiff's claims arise out of a domestic relations matter wherein Defendants issued protective orders against Plaintiff and in favor of Plaintiff's wife in 2009 and 2010, respectively. ECF No. 1, pp. 1-2. Judge Bryant recommends that Plaintiff's Motion for Service (ECF No. 2) be denied and that this matter be dismissed because (1) both Defendants are immune from suit and (2) this matter falls under the domestic relations exception to federal court jurisdiction.

As for the issue of whether Defendants are immune from suit, the Court finds that both Defendants are entitled to judicial immunity. "A judge is immune from suit, including suits brought under section 1983 to recover for alleged deprivation of civil rights, in all but two narrow sets of circumstances." *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012) (citing *Mireles v. Waco*, 502 U.S. 9, 11-12, (1991)). "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (quoting *Mireles*, 502 U.S. at 11-12).

In regard to the first exception, Plaintiff explicitly states that Defendants acted "in their capacity as judges in the Circuit Court of Little River County, Arkansas." As such, it appears that the first exception does not apply because it is undisputed that Defendants acted in their official judicial capacities. Turning to the second exception, Plaintiff makes no allegations and the record does not suggest that Defendants acted "in the absence of jurisdiction." Further, the Arkansas Code specifically vests jurisdiction over issues of domestic violence with the county circuit courts. ARK. CODE ANN. § 9-15-101 ("The equitable nature of this remedy requires the legislature to place proceedings contemplated by this chapter under the jurisdiction of the circuit courts."). Accordingly, the Court finds that Defendants did not act without jurisdiction and, therefore, the second exception is inapplicable. Thus, it appears that Defendants are entitled to judicial immunity.

Moving on to the issue of whether the present matter falls within the domestic relations exception to federal jurisdiction, the Court finds that it does. "The domestic relations exception . . . divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody." *Khan v. Khan*, 21 F.3d 859, 861 (8th Cir. 1994). Further, "when a cause of action closely relates to but does not precisely fit into the contours of an action

for divorce, alimony or child custody, federal courts generally will abstain from exercising jurisdiction." *Id*. Although the present action concerns protective orders and therefore does not deal directly with divorce, alimony, or child custody, the Court finds that the subject matter of the present controversy is so closely related to those actions that it would be inappropriate to exercise jurisdiction.

Accordingly, upon *de novo* review the Court adopts Judge Bryant's Report and Recommendation *in toto*. Thus, Plaintiff's Motion for Service (ECF No. 2) is hereby **DENIED** and this matter is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 8th day of August, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge